IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00391-SP

JASON CHARLES MARCHAND,

    Plaintiff,

v.

NURSE HOPE,

    Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**
**(ECF No. 20)**

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on the Prisoner Motion for Appointment of Counsel ("Motion"), filed May 8, 2023, by Plaintiff Jason Charles Marchand. ECF No. 20.[1] For the following reasons, the court **DENIES** the Motion **without prejudice**.

**BACKGROUND**

Mr. Marchand, a pretrial detainee who is incarcerated at the Larimer County Jail, initiated this action on February 9, 2023, raising constitutional claims for alleged deliberate indifference to medical needs pursuant to 42 U.S.C. § 1983 against three defendants in their official and individual capacities. ECF No. 1. On February 13, 2023, the court identified defects in the pleading and directed that Mr. Marchand file an amended complaint, ECF No. 7, which he

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have a United States Magistrate Judge conduct all proceedings in this civil action. Order of Reference, ECF No. 24.

submitted on March 6, 2023. ECF No. 8. In his amended complaint, Mr. Marchand narrowed his claims to "Nurse Hope," who is identified in the answer to the amended complaint as Hope Bonner, a Certified Medical Assistant who works at the Larimer County Jail. ECF No. 8 at 1.

The court held a preliminary scheduling/status conference on May 22, 2023, at which the court set discovery deadlines. ECF No. 23. Mr. Marchand participated in the conference by telephone.

Mr. Marchand has moved for appointment of counsel in this action, ECF No. 20, which is his second request to be appointed counsel. On February 10, 2023, the court denied Mr. Marchand's first request, ECF No. 4, as premature. ECF No. 6 at 3. The court addresses below the arguments Mr. Marchand raises in the current Motion.

## ANALYSIS

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But "[t]he court cannot appoint counsel; instead, the court can only ask an attorney to take the case." *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual [and legal] issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (listing factors the court should consider in determining whether to appoint pro bono counsel). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of

counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

In the Motion, Mr. Marchand seeks appointment of counsel for representation in this matter. Mr. Marchand reiterates the allegations that form the basis of his claim against Ms. Bonner, asserting that he was forcibly administered a tuberculin skin test to which he claims an allergy and that he sustained a "severe reaction," culminating in a staph infection, scarring, and "permanent nerve damage." ECF No. 20 at 2. Mr. Marchand contends that he is unable to obtain his medical records from CorrHealth, the jail's contract medical provider. *Id.* He has contacted the ACLU for assistance in this matter, but they did not respond. *Id.*

Upon review of the Motion and the docket in this case, this court cannot conclude that appointment of counsel is warranted at this time. Although the court acknowledges that Mr. Marchand is incarcerated, that circumstance does not make him unique. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."); *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining a district court can refuse to appoint counsel in all but "extreme case[s] where the lack of counsel results in fundamental unfairness"). Mr. Marchand's claims have not changed—but have in fact been narrowed—since he first moved for appointment of counsel; indeed, only his claim against Ms. Bonner remains.

Based on the current record before it, the court does not find that the legal issue presented in that claim—which hinges on whether a prison medical provider violates the constitutional rights of a prisoner by administering a routine tuberculin skin test, notwithstanding the prisoner's demand for an alternative chest x-ray—is so uniquely complex as to warrant appointment of

counsel at this juncture. "[T]he right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). And "[a]bsent *exceptional circumstances*, there is no automatic right to appointment of counsel in a civil rights case." *Parker v. Bruce*, 109 F. App'x 317, 321 (10th Cir. 2004) (emphasis added) (quotation omitted).

Here, Mr. Marchand has articulately explained the basis for his claim against Ms. Bonner, including a specific reference to the operative legal standard governing alleged deliberate indifference to serious medical needs. ECF No. 8 at 5 (discussing *Farmer v. Brennan*, 511 U.S. 825 (1994)). He followed the court's guidance in amending his complaint and has pleaded a claim that now is proceeding to discovery. With regard to his assertion that he is unable to obtain his own medical records from the jail, this court addressed this issue at the preliminary scheduling conference by directing defense counsel to ensure that Mr. Marchand's medical records are made available to him—records that, presumably, are equally necessary Ms. Bonner's defense of the claim.

For these reasons, the Motion to Appoint Counsel is **DENIED without prejudice**. Should the circumstances change, Mr. Marchand may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now *moving to trial*") (emphasis added).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) The Prisoner Motion for Appointment of Counsel (ECF No. 20) is **DENIED without prejudice**; and

(2) A copy of this Order shall be sent to:

> Jason Charles Marchand, #2208740
> Larimer County Jail
> 2405 Midpoint Drive
> Fort Collins, CO 80525 and
>
> Case Manager for Jason Charles Marchand, #2208740
> Larimer County Jail
> 2405 Midpoint Drive
> Fort Collins, CO 80525

DATED: May 31, 2023.                        BY THE COURT:

_____
Susan Prose
United States Magistrate Judge